[Civ. No. 9327.   Third Dist.   July 26, 1957.]

YVONNE BENDER, Petitioner, v. SUPERIOR COURT OF MERCED COUNTY, Respondent; CARROLL J. BENDER, Real Party in Interest.

Clyde B. Dalton for Petitioner.

No appearance for Respondent.

Lee Alex MacNicol for Real Party in Interest.

WARNE, J. pro tem.*—This is a proceeding in mandate.

The facts as disclosed by the record are as follows: In 1949 Carroll J. Bender was awarded an interlocutory decree of divorce from Yvonne Bender, petitioner herein. The decree provided that Yvonne have the custody, care and control of Linda Irene Bender, the minor child of the marriage. Carroll was given the right to see and visit with Linda at all reasonable times. In 1950 a final decree of divorce was made and entered and the custody provisions of the interlocutory decree were continued in full force and effect. In 1954 the custody provisions of the divorce decree were modified and the care, custody and control of Linda were awarded to Carroll on condition that he place her in a boarding school in San Francisco and that both Carroll and Yvonne have the right to the company of Linda on alternate weekends and that each have the physical custody of the minor child for one-half of the summer vacation. Linda was placed in the Immaculate Conception Academy in San Francisco. In May, 1957, Carroll sought further modification of the custody provisions concerning Linda, now 10 years of age, so that he could take her to the Philippine Islands during his tour of duty there with the United States Air Force and place her in a parochial school in the vicinity of Clark Field. Yvonne opposed the modification proposed by Carroll and on May 23, 1957, petitioned the court for an order modifying the custody provisions so as to place Linda with her. A hearing was held on both petitions on May 23, 1957, and on June 3, 1957, the court made and entered its order permitting Linda to be taken out of the continental limits of the United States. Since the order allowed the removal of the child from the state it was stayed by operation of law for a period of 30 days from the date of its entry. (Code Civ. Proc., § 949a.)

Following the entry of the June 3, 1957, modification order and within the 30-day automatic stay, Yvonne noticed a motion to vacate and set aside the provisions of the order permitting Linda to be removed to the Philippine Islands on the ground that the Philippine Islands had become an unhealthy place because of the influenza epidemic allegedly raging there and on the further ground that since Linda was about to enter the age of puberty the child's best interest under the circumstances would be served by remaining with the mother. This motion was noticed for hearing on June 27, 1957. However, the Honorable Gregory P. Maushart, the

*Assigned by Chairman of Judicial Council.

Presiding Judge of the Superior Court of Merced County wherein the proceedings were pending, informed petitioner that he would not consider hearing said motion at any time prior to July 5, 1957. Yvonne then asked for a summary order further staying the order of June 3, 1957, until her pending motion had been heard by the court. This request was denied.

Yvonne then filed her petition in mandate. In the petition she prays that an alternative writ of mandate issue out of this court directed to the respondent trial court, commanding that respondent forthwith grant a stay of its order of June 3, 1957, for such duration as would permit the presentation of her pending motion to the respondent court and for the ruling thereon and appeal therefrom in the event same should be deemed necessary.

An alternative writ was issued herein commanding the respondent court to make an order further staying the order permitting the child to be taken without the state or to show cause to this court. On the return date no return or appearance was made by respondent. Carroll could not be located so the writ was not served on him. Presumably he had left with Linda for the Philippine Islands. His attorney was served. The matter was heard on the verified petition and affidavits filed by petitioner.

█ We have concluded that, while there is merit in petitioner's contention that the trial court abused its discretion in not granting a stay of its order of June 3, 1957, until such time as it had heard and ruled on Yvonne's petition for a modification thereof, nothing may now be accomplished by the issuance of a peremptory writ of mandate since it now appears that the subject child has been removed to the Philippine Islands and is there presently residing.

It is therefore ordered that the alternative writ of mandate be discharged and the proceeding dismissed.

Van Dyke, P. J., and Schottky, J., concurred.